NATIONAL HOUSE AND FARMS ASSOCIATION, INC., complainant-respondent,

*v.*

NEW YORK SASH AND DOOR CO., INC., defendant-appellant.

[Argued October 30th, 1947. Decided January 29th, 1948.]

*Messrs. Gurtman & Schomer,* for the defendant-appellant.

*Mr. Alwood C. Wolf,* for the complainant-respondent.

PER CURIAM.

This is an appeal from a decree of the Chancellor entered upon the advice of Vice-Chancellor Grimshaw following a hearing before former Vice-Chancellor Lewis who filed an opinion which is reported at *138 N. J. Eq. 602.* As to the factual and legal questions presented for determination in the Court of Chancery we are in accord with the holdings of Vice-Chancellor Lewis.

A further point is raised by the appellant which requires mention upon the appeal and that is raised by the following paragraph of the petition of appeal: "The final decree is invalid and in violation of the rights of the defendant in that

Vice-Chancellor Grimshaw; who settled and advised the decree, was without the right, power or authority so to do, because he did not hear the cause or any of the arguments hereto, but advised said decree upon an opinion submitted by Vice-Chancellor Lewis, who heard the cause but whose term of office expired and who retired from said office of Vice-Chancellor without having settled or advised a final decree."

Following the filing of the opinion of Vice-Chancellor Lewis he retired from office before the final decree was submitted to him for approval. The meritorious questions having been decided by his opinion, there remained in dispute and without determination the questions of counsel fees and accounting costs. A re-reference was made to Vice-Chancellor Grimshaw who advised a decree which determined the main questions in conformance with the opinion of Vice-Chancellor Lewis and also dealt with the questions of counsel fees and costs. Upon the latter questions counsel were afforded an opportunity of hearing.

The argument now sought to be made we deem to be without merit. In the case of *Ruckman* v. *Decker, 27 N. J. Eq. 244,* Chancellor Zabriskie, following the decision of a case and the entry of a decree, ordered the decree withdrawn from the files for amendment. Before the amended decree was signed he was succeeded in office by Chancellor Runyon whose power to make the amended decree was challenged. He held, "Under the circumstances, no good reason appears to me for putting the parties to the delay and expense of a rehearing. Justice to the court no less than to the parties demands that the decree be made to conform to the obvious intention of the court." We agree with that statement and think it applicable to the situation presented by the present case. Vice-Chancellor Lewis had fully heard the substantial questions presented on the pleadings and proofs and had rendered a formal opinion thereon prior to the expiration of his term of office. Remaining incidental questions required a further reference to Vice-Chancellor Grimshaw. It was entirely proper for Vice-Chancellor Grimshaw to advise a decree in conformity with the results reached by his predeces-

sor, and as to the incidental matters full opportunity for hearing was afforded. The decree is that of the Chancellor who followed the opinion and advice of Vice-Chancellor Lewis and Vice-Chancellor Grimshaw.

We concur in the result reached on all the matters brought up by the appeal and the decree will be affirmed.

*For affirmance*—BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, JJ. 10.

*For reversal*—THE CHIEF-JUSTICE, COLIE, SCHETTINO, JJ. 3.